**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0714-19T4

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

MARSHEA ANTHONY,
CHARLES JACKSON, KARON
NEVERS, GILBERTO LARA and
TYDIS ROBERTSON,

      Defendants-Respondents.

_____

Submitted September 15, 2020 – Decided September 18, 2020

Before Judges Haas, Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 19-02-0014.

Gurbir S. Grewal, Attorney General, attorney for appellant (Lila B. Leonard, Deputy Attorney General, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondents (Emma R. Moore, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

By leave granted, the State appeals from a series of August 27, 2019 Law Division orders denying its motion to compel four defendants[1] to disclose the passcodes to passcode-protected cellphones seized from them pursuant to Communications Data Warrants previously obtained by the State. The State also challenges the court's decision to limit its access to the contents of the fifth defendant's[2] cellphones after requiring him to provide the passcodes to those devices.

At the time the trial court issued its orders, it did not have the benefit of our Supreme Court's recent decision in State v. Andrews, ___ N.J. ___ (2020).[3] In Andrews, the Court held that under the foregone conclusion exception to the Fifth Amendment, a trial court may require a defendant to disclose the passcode to his or her cellphone if the State can demonstrate that the passcode exists, that the cellphone was in the defendant's possession when seized, that the defendant owned and operated the cellphone thereby establishing his or her knowledge of the passcode, and that the passcode enables access to the cellphone's contents.

---

[1]  Marshea Anthony, Charles Jackson, Karon Nevers, and Gilberto Lara.

[2]  Tydis Robertson.

[3]  In Andrews, the Court affirmed and reinforced our earlier decision in State v. Andrews, 457 N.J. Super. 14 (App. Div. 2018).  (slip op. at 3, 47).

A-0714-19T4

(Id. at 40). If the State establishes that the defendant's knowledge of the passcode is a foregone conclusion, he or she must provide it to the State, which may then use the passcode to unlock and search the contents of the cellphone. Id. at 37 (finding "that the foregone conclusion test applies to the production of the passcodes themselves, rather than to the phones' contents").

Having reviewed the record presented to us, we summarily remand this matter for rehearing in light of the Supreme Court's decision in Andrews. In conducting the remand, the trial court shall give the parties the opportunity to file written submissions setting forth their positions on the Andrews decision and, if requested, to present oral argument. The court may also consider whether the record should be reopened for further testimony or the production of additional documentary evidence. We imply no view as to what the court should decide on remand, only that we believe that the court's consideration of the issues presented would benefit from the additional guidance provided by the Supreme Court.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0714-19T4